United States Court of Appeals,

Fifth Circuit.

No. 92-8407

Summary Calendar.

RESOLUTION TRUST CORPORATION, in its capacity as Receiver of First Bankers Trust and Savings Association, F.A., Plaintiff-Appellant,

v.

SOUTHERN UNION COMPANY, INC., Defendant-Appellee.

March 5, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, DUHÉ and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

The Resolution Trust Corporation appeals an order imposing sanctions and expenses under Fed.R.Civ.P. 37(d). We affirm.

Background

RTC sued Southern Union Company, Inc. for specific performance of a repurchase agreement. During the course of this litigation Southern Union served notice on RTC that it intended to depose RTC pursuant to Fed.R.Civ.P. 30(b)(6). The notice set forth, in a page and a half, 10 discrete topics with which the deponent was to be familiar.[1] Three weeks later, and after several telephone conversations between counsel, RTC provided two witnesses. Lead counsel for Southern Union flew to Dallas from Washington, D.C. to conduct these depositions.

During the questioning of the first witness, Charles Perry, it became immediately apparent that he possessed no knowledge relevant to the subject matters identified in the Rule 30(b)(6) notice. Indeed, on cross-examination RTC's counsel actually impeached Perry with his lack of knowledge. On redirect Southern Union's counsel recited each item of inquiry designated in the notice and asked if Perry had any knowledge thereof. In every instance the answer was "no." The second designated

---

[1] Southern Union called the deposition to inquire into the circumstances surrounding the preparation of a demand letter by RTC's recently deceased managing agent.

witness, Robert Wieting, was equally unknowledgeable.

Southern Union moved for sanctions; RTC responded with relevant documents, one of which was signed by a Howard Jones who, although he had not been offered in response to the Rule 30(b)(6) notice, had been deposed earlier without avail. During the course of his second deposition, however, Southern Union's counsel refreshed Jones' memory with the relevant documents, including the one he had signed. Jones then regained his memory. RTC obviously made no effort to review documents which would have informed it of Jones' relevant knowledge. Jones was not designated under Rule 30(b)(6), nor were the documents identifying his knowledge produced, until after Southern Union sought sanctions.

In granting the motion for sanctions the court awarded costs and fees incurred in deposing Perry and Wieting and in identifying Jones as a person with knowledge.

Analysis

Rule 37 authorizes the district court to impose sanctions against a party for failing to appear "before the officer who is to take the deposition, after being served with proper notice." Southern Union argues persuasively that RTC's designation of the first two witnesses was tantamount to a complete failure of the corporation to appear. RTC maintains that it was only obliged to produce persons who might have pertinent knowledge. Implicit in this argument is the suggestion that RTC was under no obligation to make any investigation, including the review of readily available records, to identify an appropriate witness for Rule 30(b)(6) purposes.

RTC seeks succor in the Second Circuit's decision in *Salahuddin v. Harris,*[2] in which the court determined that deponent's failure to answer questions at a deposition was not equivalent to a failure to appear. As viewed by the *Salahuddin* court, in a case where the deponent physically appears, " "the proper procedure is first to obtain an order from the court as authorized by Rule

---

[2]782 F.2d 1127 (2d Cir.1986); *but cf. Greenwood v. Dittmer,* 776 F.2d 785 (8th Cir.1985) (interpreting identical language in Rule 30(g)(2)); *Cronin v. Midwestern Okla. Dev. Auth.,* 619 F.2d 856 (10th Cir.1980); *Turner v. Hudson Transit Lines, Inc.,* 142 F.R.D. 68 (S.D.N.Y.1991).

37(a), directing him to be sworn and testify.' "[3]

Were we here faced with a case involving the deposition of a natural person we might be inclined to agree with the reading of Rule 37(d) by our Second Circuit colleagues. The deposition of a corporation, however, poses a different problem, as reflected by Rule 30(b)(6). Rule 30(b)(6) streamlines the discovery process. It places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent. When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

In the instant case, RTC possessed documents that clearly identified Jones as having personal knowledge of the subject of the deposition. RTC did not furnish those documents or designate Jones until after it had designated Perry and Wieting, obliged Southern Union's counsel to travel from Washington, D.C. to Dallas for a useless deposition, and been served with Southern Union's motion for sanctions. The finding that RTC did not make a meaningful effort to acquit its duty to designate an appropriate witness is manifest. The district court did not abuse its discretion in awarding fees and costs under Rule 37(d).[4]

RTC finally contends that it was denied the opportunity to develop an adequate record because the trial court declined to hold an evidentiary hearing or provide detailed findings of fact. The district court has broad discretion to grant or deny such a hearing, limited only by the due process clause of the fifth amendment.[5] In the instant case both parties submitted substantial memoranda detailing their factual and legal positions. They were given an opportunity to be heard.

---

[3]*Salahuddin,* 782 F.2d at 1131 (quoting *SEC v. Research Automation Corp.,* 521 F.2d 585, 588-89 (2d Cir.1975)).

[4]*Coane v. Ferrara Pan Candy Co.,* 898 F.2d 1030 (5th Cir.1990).

[5]*Emerick v. Fenick Indus., Inc.,* 539 F.2d 1379 (5th Cir.1976).

We cannot say that this procedure was infirm, considering the sanction imposed.[6]

AFFIRMED.

---

[6]*See American Airlines, Inc. v. Allied Pilots Ass'n,* 968 F.2d 523 (5th Cir.1992) (this court weighs the formality required of such hearings on sliding scale considering the severity of the proposed sanction).