Selma S. **BUYCKS–ROBERSON; Calvin R. Roberson; and Rene Brooks, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**CITIBANK FEDERAL SAVINGS BANK, Defendant.**

No. 94 C 4094.

United States District Court, N.D. Illinois, Eastern Division.

June 29, 1995.

See also, 162 F.R.D. 322.

Jeffrey Irvine Cummings, Judson H. Miner, Barack H. Obama, Davis, Miner, Barnhill and Galland, P.C., Chicago, IL, Fay Clayton, Hilary I. Alexis, Robinson, Curley & Clayton, P.C., Chicago, IL, Michael Allen Childers, Chicago, IL, for Selma S. Buycks–Roberson.

Jeffrey Irvine Cummings, Barack H. Obama, Davis, Miner, Barnhill and Galland, P.C., Chicago, IL, Fay Clayton, Robinson, Curley & Clayton, P.C., Chicago, IL, for Calvin R. Roberson.

Jeffrey Irvine Cummings, Judson H. Miner, Barack H. Obama, Davis, Miner, Barnhill and Galland, P.C., Chicago, IL, Fay Clayton,

Robinson, Curley & Clayton, P.C., Chicago, IL, for Renee Brooks.

Robert J. Kriss, Alan Norris Salpeter, Mary Ann Spiegel, Mayer, Brown & Platt, Chicago, IL, for Citibank Fed. Sav. Bank.

## MEMORANDUM OPINION AND ORDER

CASTILLO, Judge.

Plaintiffs have filed several motions to compel the production of documents and answers to interrogatories during the last few months. The Court pauses here to note that this case has already had an early history of significant discovery disputes.[1] The Court is hopeful that its separate opinion, which was released today on the issue of class certification, will help the parties determine the proper scope of discovery and obviate these types of disputes in the future. Further discovery disputes from this point forward will cause this Court to consider whether this case is an appropriate matter to mandate automatic disclosure under FED.R.CIV.P. 26(a)(1).

The Court will now directly address the merits of the Plaintiffs' Third and Fourth Motions to Compel, which are currently pending before this Court. We will also address Plaintiffs' Motion for Sanctions related to Citibank's alleged failure to comply with FED.R.CIV.P. 30(b)(6).

### A. Motions to Compel

The Court previously requested Citibank to address two specific questions in its response to the Third Motion to Compel Discovery: (1) whether Citibank was "drawing a line in the sand" and refusing to provide any additional discovery or was proposing some more measured alternatives to Plaintiffs' sweeping discovery demands; and (2) what Citibank's response is to Plaintiffs' arguments that the discovery to date (seventy-three loan files with certain redactions) has uncovered a pattern of discrimination in Citibank's mortgage lending. These questions apply equally to the Fourth Motion to Compel.

In response to the second question, Citibank flatly denies that the seventy-three files

---

1. *See Motion to Compel Responses To Discovery* (Doc. # 23); *Amended Motion to Compel Discov-* ery (Doc. # 26); and the two Motions to Compel which are the subject of this Opinion.

produced thus far establish the alleged pattern of discriminatory lending. Instead, Citibank steadfastly maintains that the underwriting criteria were racially neutral on their face and as applied. Citibank also maintains that the evidence will establish that each of the named defendants was denied the home loans he or she requested due to his or her lack of financial qualifications. Because the focus of litigation will be whether Citibank applied its allegedly neutral criteria in a racially discriminatory fashion, Citibank contends that the issue of individual financial qualifications will require discovery relevant to each plaintiff's personal claims.

■ Thus far Citibank has sought to limit discovery to the named plaintiffs' claims. Citibank asserts that it "is prepared to produce some additional loan files, provided that the scope of that production is reasonably related to the issues raised by the individual claims." Citibank's Response to the Third Motion to Compel at 2. However, "individual claims" are not the sole basis for this litigation, given this Court's decision to certify a class for purposes of injunctive or declaratory relief with respect to Plaintiffs' redlining claims. The Court's ruling necessitates a broader scope of discovery to enable Plaintiffs to prove their case, and this "broader scope" does not permit the kind of "sampling approach" suggested by Citibank.

Citibank's suggested "sampling approach" goes to the heart of the Court's first question. While Citibank is not "drawing a line in the sand" by refusing to provide any additional discovery (it will provide an additional twenty files totalling ninety-three files produced), it is not proposing a graduated approach to discovery either. Rather, Citibank apparently believes that it can provide a "sample" of ninety-three redacted [2] loan files from the Oakbrook and Broadview areas of Chicago to serve as accurate examples of its

policies and practices regarding its "debt-to-income" criteria (used to reject Buycks–Roberson's application); its "collateral criteria" (used to reject Brooks' application); and its "subordinate financing criteria" (used to reject Roberson's application) as applied to Caucasian and African–American applicants between 1992 and 1994.

Plaintiffs object to the sampling approach and assert that they need files from the entire Chicago metropolitan area, since they seek to prove a claim of discrimination on behalf of *all* financially qualified African–Americans denied mortgage loans who lived in predominately African–American communities between 1992 and 1994—not simply those who lived in Broadview. Although Citibank makes various proposals to expand the document production to include other minority areas, at most its proposals amount to a "self-selected" sampling for the sole purpose of sparing Citibank the "time-consuming, expensive process to locate and redact" thousands of loan files.

■ The Court has carefully reviewed each of Plaintiffs' Motions to Compel and Citibank's responses to the Motions. Many of the arguments contained in these Motions relate to the merits of the case and the statistical evidence that ultimately will need to be analyzed on summary judgment and/or at trial. For purposes of ruling on the present Motions, the Court will not address all of the arguments raised.[3] To the extent that these arguments are relevant at this stage of the proceedings, the Court has attempted to incorporate them into its ruling on class certification.

■ Suffice it to say that Citibank's sampling approach is not the kind of graduated or principle oriented limitation of discovery that this Court might be willing to allow. Having certified a class on the issue

---

**2.** The redactions include not only the applicants' names, but also their addresses, towns, zip codes, and narrative portions of the appraisal information on their properties. *See* Plaintiffs' Fourth Motion to Compel Discovery at 14.

**3.** We want strongly to emphasize that a motion to reconsider filed solely for the purpose of raising *any* argument already contained in the mo-

tions and memoranda to rehash the same points already argued will result in a summary denial. Although motions to reconsider serve a useful role in bringing new facts or errors of law to the Court's attention, as noted in *Jefferson v. Sec. Pac.,* 162 F.R.D. 123 (N.D.Ill.1995), this Court will not countenance motions to reconsider filed simply to bring the parties' position to the Court's attention one more time.

of redlining for purposes of injunctive or declaratory relief, we find that Plaintiffs' discovery requests identified in its Motions to Compel are reasonable. We therefore grant these Motions in their entirety with only two conditions. First, Plaintiffs' request for loan files without redacted addresses is denied. Specific street addresses are not necessary to the claims of the plaintiff class. Second, the previously redacted names of towns, zip codes and narrative appraisal information are relevant information for the redlining claims and should be produced by Citibank on all documents—including those which have already been given to Plaintiffs as part of Citibank's self-selected sample.

### B. Sanctions

■ Plaintiffs have also filed a Motion for Sanctions against Citibank pursuant to FEDERAL RULE OF CIVIL PROCEDURE ("Rule") 37(d). Rule 37(d) provides in relevant part:

**Rule 37. Failure to Make Disclosure or Cooperate in Discovery: Sanctions**

**(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. [Effective December 1, 1993.]** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) ... to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with the proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expense, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

\* \* \* \* \* \*

FED.R.CIV.P. 37(d).

Rule 37(b)(2) permits sanctions for failure to permit discovery pursuant to Rule 30(b)(6). Rule 30(b)(6) provides in relevant part:

**Rule 30. Depositions Upon Oral Examination**

**(b) Notice of Examination: ... Deposition of Organization.**

(6) A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or partnership ... and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated the matters on which the person will testify.... The persons so designated shall testify as to matters known or reasonably available to the organization....

\* \* \* \* \* \*

FED.R.CIV.P. 30(b)(6).

In *Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196 (E.D.Tenn.1986), the court interpreted Rule 30(b)(6) to mean that a corporation has a duty to:

make a conscientious good faith effort to designate the persons having knowledge of the matters sought by the [discovering party] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters.

116 F.R.D. at 199 (citing *Mitsui & Co. v. Puerto Rico Water Resources Auth.*, 93 F.R.D. 62, 67 (D.P.R.1981)).

Plaintiffs claim that Rule 37(d) sanctions should be leveled against Citibank for its failure to produce a knowledgeable deposition witness pursuant to Rule 30(b)(6). In *Resolution Trust Corp. v. Southern Union*

*Co.*, 985 F.2d 196, 197 (5th Cir.1993), the Fifth Circuit stated:

> Rule 37 authorizes the district court to impose sanctions against a party for failing to appear "before the officer who is to take the deposition, after being served with the proper notice." ... Rule 30(b)(6) ... places the burden of identifying responsive witnesses for a corporation on the corporation. Obviously, this presents a potential for abuse which is not extant where the party noticing the deposition specifies the deponent. When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through that agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.

985 F.2d at 197.

Plaintiffs allege that their Rule 30(b)(6) notice of deposition requested Citibank to designate a person who could testify about Citibank's underwriting policies and practices. However, although Citibank had a duty to produce such a witness, it produced Ms. Haywood instead. Ms. Haywood concededly was only able to testify regarding the underwriting policies and practices of Citibank's Yellow Team. In addition, Ms. Haywood could not (1) confirm from personal knowledge that every other underwriting team at Citibank in 1992 followed the same practices as her group; or (2) testify from personal knowledge regarding Citibank's underwriting policies and practices during 1993 with respect to Plaintiff Calvin Roberson. Plaintiff argues that the appearance of an unknowledgeable Rule 30(b)(6) witness such as Ms. Haywood is tantamount to no appearance at all.

■ Citibank's responses are not convincing. As to Ms. Haywood's lack of personal knowledge, Citibank asserts that "it is difficult and time-consuming to investigate unwritten practices that were in effect three years ago." Citibank Resp. at 4. Citibank also claims that the practices of groups other than the Yellow Team in 1992 are not relevant to any of the issues in this case. Citi-

bank Resp. at 5. These responses are unpersuasive because they fail to confront the fact that Citibank had a duty to provide a witness or witnesses with the requisite knowledge and to prepare these witnesses, despite the difficulty of investigating the subject matter requested by the deposing party. Moreover, the fact that Ms. Haywood had personal knowledge as to Plaintiffs Buycks–Roberson and Brooks, because the Yellow Team handled their applications in 1992, does not provide justification for her failure to know about the practices employed in Calvin Roberson's case in 1993.

■ Citibank's response to the Motion for Sanctions is similar to its responses to the Motions to Compel Discovery. That is, Citibank seems to believe that it can satisfy Rule 30(b)(6) by producing a witness with only selected information to offer and describe that information as the only relevant information available, just as it attempts to offer a "sample" of documents and interrogatory answers by selecting what it considers to be the relevant material. The Federal Rules and this Court do not countenance self-selecting discovery by either party.

■ Nonetheless, although all of Citibank's arguments prove similarly meritless, Plaintiffs have failed to certify that they presented Citibank with their objections to the Rule 30(b)(6) deposition before filing this Motion. Without this good faith certification, the Court cannot award sanctions or the other expenses requested by Plaintiffs.

Moreover, this Court is mindful that its ruling today certifying the plaintiff class certainly impacts the scope of discovery and the reasonableness of Citibank's Rule 30(b)(6) witness choice. The Court remains hopeful that this Opinion will avoid the need for further disputes about the proper conduct of discovery in this case and will not hesitate to award sanctions in the future if such sanctions are warranted.

### CONCLUSION

The Plaintiffs' Third and Fourth Motions to Compel are GRANTED conditionally, as noted in this Opinion. The Plaintiffs' Motion for Sanctions is DENIED. The date for the

completion of fact discovery in this case is hereby extended to December 29, 1995.