T & W FUNDING COMPANY XII, L.L.C.; T & W Funding Company VIII, L.L.C.; Wilmington Trust Company, as Trustee of the T & W Liquidating Trust; and T & W Financial Services Company L.L.C., Plaintiffs,

v.

PENNANT RENT–A–CAR MIDWEST, INC., d/b/a Fleet Solutions; TAC Enterprises, Inc.; Donald C. Thoms; and Dalene K. Thoms, Defendants.

No. 01–2293–JAR.

United States District Court, D. Kansas.

Oct. 17, 2002.

Mark A. Thornhill, Clayton L. Barker, Spencer, Fane, Britt & Browne, R. Pete Smith, Kristie R. Orme, McDowell, Rice, Smith & Gaar, Kansas City, MO, Susan G. Rosenthal, Robert D. Lillienstein, Rachel L. Hollander, Brown, Raysman, Millstein, Feld-er & Steiner, LLP, New York City, for plaintiffs.

R. Pete Smith, Suzanna L. Trower, Kristie R. Orme, Rhonda Smiley, McDowell, Rice, Smith & Gaar, Mark A. Thornhill, Clayton L. Barker, Spencer, Fane, Britt & Browne, Kansas City, MO, Susan G. Rosenthal, Robert D. Lillienstein, Rachel L. Hollander, Brown, Raysman, Millstein, Felder & Steiner, LLP, New York City, for defendants.

## MEMORANDUM AND ORDER

ROBINSON, District JUDGE.

This matter is before the Court on Plaintiffs' Amended Objection and Motion to Review the Order of Magistrate O'Hara Dated September 4, 2002 (Doc. 74), Plaintiffs' Motion for Protective Order (Doc. 73), and Defendants' Objections to Portions of Magistrate O'Hara's September 4, 2002, Order (Doc. 69). The Court has reviewed the parties' filings and is now prepared to rule.

### I. BACKGROUND

The following background information is taken from Magistrate Judge O'Hara's September 4, 2002 Order:

On March 14, 2002, Fleet served T & W with a Rule 30(b)(6)—deposition notice. The notice was directed to all four plaintiffs, including T & W Funding Company XII, L.L.C. ("[Funding Company XII]"), T & W Funding Company VIII, L.L.C. ("[Funding Company VIII]"), Wilmington Trust Company as Trustee of the T & W Liquidating Trust ("[Wilmington]"), and T & W Financial Services, L.L.C. ("[T & W Financial]"). The notice identified twenty-three deposition topics including, among others, the negotiation and terms of a September 30, 1999—settlement agreement and the income T & W received pursuant to this settlement agreement.

Counsel for T & W responded, advising counsel for Fleet that at least three persons had information responsive to the deposition notice. These individuals included: (1) John Rosenlund, a former employee of [T & W Financial]; (2) Eric Rumple, a former employee of Finova, which took over [T & W Financial's] re-

sponsibility for implementing the settlement agreement in approximately December of 1999; and (3) R. "Skip" Stern, who is a current employee of CIBC, the sole member of Funding Company VIII. Counsel for T & W expressly advised counsel for Fleet that "there is no one officer, director, or managing agent of [T & W], or other person who consents to testify on their behalf, who has personal knowledge as to most of the other matters identified in [Fleet's] notice. Most of the persons who have such personal knowledge currently have no relationship with [T & W]."

Fleet subpoenaed Rumple and took his deposition on May 30, 2002. The deposition lasted only eighteen minutes and addressed virtually none of the topics contained in the Rule 30(b)(6) notice. Fleet also deposed Rosenlund, without the need for a subpoena, on June 3, 2002. His deposition lasted the entire day. Both Rumple and Rosenlund were deposed as fact witnesses; both disavowed knowledge of the 30(b)(6)—deposition notice and disavowed an intent to testify on T & W's behalf.

T & W produced Stern, and Stern only, for the Rule 30(b)(6) deposition.

Defendants, claiming that Stern's performance at the deposition failed to comply with Rule 30(b)(6), filed a motion for sanctions against plaintiffs. Defendants' motion sought monetary sanctions against plaintiffs by way of costs and expenses incurred in taking the deposition of T & W's designated Rule 30(b)(6) witness. Defendants also sought an order precluding plaintiffs from offering different or contrary proof on certain issues.

In ruling on defendants' motion for sanctions, Magistrate Judge O'Hara found that plaintiffs did indeed fail to produce an adequate Rule 30(b)(6) designee. The court determined that Stern was not only unprepared for the deposition but he came to the deposition without the authority to testify on behalf of three of the plaintiffs including Funding Company XII, Wilmington, and T & W Financial. Magistrate Judge O'Hara noted that for the majority of the deposition, Stern held himself out as only having the authority to speak on behalf · of Funding Company VIII. Stern's lack of preparedness and apparent lack of authority to speak on behalf of three of the plaintiffs was found to be tantamount to Funding XII, Wilmington, and T & W Financial failing to appear at the deposition. Based on that failure, Magistrate Judge O'Hara imposed sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Sanctions consisted of striking Stern's deposition, and ordering a new Rule 30(b)(6) deposition at plaintiffs' expense. Plaintiffs were also held responsible for the costs associated with defendants' motion for sanctions. Magistrate Judge O'Hara declined defendants' request for an order precluding plaintiffs from offering different or contrary proof. The court found that an award of such sanctions could be equivalent to dismissing plaintiffs' action, and that such a sanction was not warranted under the circumstances.

On September 10, 2002, defendants served a new Rule 30(b)(6) notice of deposition set for September 24, 2002. Thereafter, on September 16 and September 20, respectively, plaintiffs and defendants filed objections to Magistrate Judge O'Hara's September 4, 2002, order. Additionally, plaintiffs filed a motion for protective order seeking a stay of the new Rule 30(b)(6) deposition pending a decision on the motions currently before the court.

## II. STANDARD OF REVIEW

Pursuant to D.Kan.Rule 72.1.4, the procedure for obtaining review of a magistrate's order in a nondispositive matter is set forth in Fed.R.Civ.P. 72(a). Under Rule 72(a), "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." The clearly erroneous standard requires the court to affirm the magistrate judge's order unless it has the definite and firm conviction from all the evidence that error has occurred.[1]

---

1. *See Ocelot Oil Corp. v. Sparrow Industries,* 847     F.2d 1458, 1464 (10th Cir.1988) (quoting *United*

## III. DISCUSSION

The Federal Rules of Civil Procedure give the court "ample tools to deal with a recalcitrant litigant." [2] Whether or not to impose sanctions is within the discretion of the court.[3] "In determining the appropriate sanction to be imposed, the court must consider the purposes to be served by the imposition of sanctions." [4] Such purposes include: "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management." [5] "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent." [6] The court should diligently apply sanctions under Rule 37 both to penalize those who have engaged in sanctionable misconduct and to deter those who might be tempted to engage in such conduct in the absence of such a deterrent.[7] The sanction to be imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer.[8] "The court's discretion is limited in that Fed.R.Civ.P. 37 requires that any sanction be 'just' and that the sanction be specifically related to the particular 'claim' which was at issue in the order to provide discovery." [9]

### A. Defendants' Objections

Defendants contend that imposing only monetary sanctions fails to adequately punish plaintiffs for plaintiffs' failure to produce a proper Rule 30(b)(6) designee. Defendants further allege that the sanctions imposed will actually adversely affect defendants because re-deposing Stern at this late date will interfere with trial preparations. Defendants ask for an award of attorneys' fees and expenses for filing objections to Magistrate Judge O'Hara's order; and, defendants seek modification of Magistrate Judge O'Hara's order to include dismissal, or alternatively, modification of the order to bar any contrary or different proof on certain issues Stern was not adequately prepared to testify about at the deposition. Finally, defendants ask that they be permitted to use the Stern deposition at trial.

■ Defendants first argue that Magistrate Judge O'Hara did not weigh the correct factors in determining the appropriate sanctions to impose upon plaintiffs. Defendants go so far as to allege that "[t]he Magistrate's decision was based on the wrong test and is contrary to law." Defendants contend that the factors set forth in *Ehrenhaus v. Reynolds* [10] instead of the factors set forth in *White v. General Motors* [11] should have been used in determining the type of sanctions to be imposed. The five factors discussed in *Ehrenhaus*—1) the degree of actual prejudice to the defendant; 2) the amount of interference with the judicial process; 3) the culpability of the litigant; 4) whether the

States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). *See also* Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D.Kan.1991) ("Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will generally grant the magistrate great deference and overrule the magistrate's determination only if the discretion is clearly abused.")

2. *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir.1993).

3. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

4. *Resolution Trust Corp. v. Williams*, 162 F.R.D. 654, 660 (D.Kan.1995).

5. *Id.*

6. *Starbrite Waterproofing Co., Inc. v. AIM Const. & Contracting Corp.*, 164 F.R.D. 378, 381 (S.D.N.Y.1996) (citations and internal quotations omitted).

7. *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir.1996) (citations and internal quotations omitted).

8. *See White v. General Motors Corp. Inc.*, 908 F.2d 675, 685 (10th Cir.1990), *cert. denied* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

9. *Myers v. Colgate–Palmolive Co.*, 102 F.Supp.2d 1208, 1222 (D.Kan.2000).

10. 965 F.2d 916, 921 (10th Cir.1992).

11. 908 F.2d at 685.

court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and 5) the efficacy of lesser sanctions—are only considered when the court is determining whether dismissal is the proper sanction. Magistrate Judge O'Hara did not consider the above factors because he was not considering whether to dismiss plaintiffs' action. Defendants did not seek a recommendation from Magistrate Judge O'Hara that the case be dismissed and he therefore did not consider the above factors. Thus, the court finds that Magistrate Judge O'Hara employed the correct standard in determining which sanctions to impose.

▉ To the extent defendants now seek an order for dismissal from this court, their motion is denied. Courts should use dismissal of an action with prejudice or its equivalent as "a weapon of last, rather than first, resort." [12] Such harsh sanctions are usually appropriate only when a lesser sanction does not serve the interests of justice.[13] They are "reserved for extreme circumstances." [14] After considering the factors set forth in *Ehrenhaus*, the Court finds that the drastic sanction of dismissal is not appropriate under the circumstances of this case. While plaintiffs indeed caused prejudice to the defendants by failing to present a proper Rule 30(b)(6) deponent, Magistrate Judge O'Hara's imposition of lesser sanctions alleviates the prejudice caused to defendants. Defendants wasted time and expense will be compensated by plaintiffs.

The Court is also not persuaded by defendants' complaint that enforcement of the September 4, 2002 order is prejudicial due to the looming trial date. As noted by Magistrate Judge O'Hara, the discovery deadline set out in the Pretrial Order was June 24, 2002 and Stern's deposition was taken on July 10, 2002. The Pretrial Order allows for continued discovery so long as the parties agree and the discovery does not interfere with trial preparations. The parties apparent agreement to take the Stern deposition after the close of discovery is now interfering with trial preparations. Defendants are certainly not to blame for plaintiffs' failure to comply with Rule 30(b)(6), but defendants had some choice in the date of the original deposition. The Court recognizes the trial date is quickly approaching and will grant defendants' request to reinstate Stern's first deposition, but the Court will not grant defendants request for dismissal on the basis that the parties were unable to complete discovery in a timely manner.

## B. Plaintiffs' Objections

Plaintiffs contend that re-deposing Stern is not warranted because they did in fact comply with Rule 30(b)(6). Plaintiffs claim that Funding Company XII, Wilmington, and T & W Financial, the three plaintiffs who Magistrate Judge O'Hara found to have not appeared at the deposition, do not have officers, directors or managing agents with personal knowledge of the areas listed in defendants' Rule 30(b)(6) notice. Stern, according to plaintiffs, was the only individual with any knowledge concerning the transactions at issue here.

The Court is not persuaded by plaintiffs' arguments. Stern, as a Rule 30(b)(6) designee, was under an affirmative obligation to educate himself on matters involving this case and the plaintiffs. Rule 30(b)(6) requires a company "to have persons testify on its behalf as to all matters known or reasonably available to it and, therefore, implicitly requires persons to review all matters known or reasonably available to it in preparation for the 30(b)(6) deposition." [15] Personal knowledge is of no consequence.[16] Further-

---

**12.** *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir.1994) (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 n. 6 (10th Cir.1988)).

**13.** *Gocolay v. New Mex. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir.1992) (citations and internal quotations omitted).

**14.** *Meade*, 841 F.2d at 1520.

**15.** *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co. Inc.*, 201 F.R.D. 33, 36 (D.Mass.2001).

**16.** *See id.* at 36. *See also Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D.Neb.1995) (citing *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C.1989)) (noting that if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they

more, Stern's lack of preparedness was only a small part of the equation that resulted in imposition of sanctions. In fact, Magistrate Judge O'Hara's order states that he was "not persuaded" that Stern's lack of preparation or inability to testify as to certain issues would necessarily rise to the level of sanctionable conduct. Instead, the award of sanctions was more accurately based on the fact that Stern came to the deposition without the authority to speak on behalf of Funding Company XII, Wilmington, and T & W Financial. As noted above, Stern's apparent lack of authority to speak on behalf of those entities was tantamount to them failing to appear at the deposition.

Plaintiffs claim that Magistrate Judge O'Hara mistakenly determined that Stern came to the deposition without authority to testify on behalf of the plaintiffs, other than Funding Company VIII. Plaintiffs argue that in the deposition Stern indicated that while he did not have direct authority from the plaintiffs, he obtained authorization through conversations with counsel. Obviously this alleged authorization could not be further explored due to attorney-client privilege. Despite Stern's assertion that he obtained authorization from counsel, he repeatedly stated that he did not have or seek authorization for the other three plaintiffs directly. Stern maintained that he was "not sure" what authority he had to speak on behalf of the various plaintiffs, other than that he was the president of Funding Company VIII. Stern also testified that he was not employed by Funding Company XII, Wilmington, or T & W Financial; and that he did not have written or verbal authorization to speak on their behalf. Then, when Stern finally received verbal authorization for the other three plaintiffs over the lunch hour, he withheld that information until the end of the day when he was cross-examined. Magistrate Judge O'Hara found that Stern's failure to hold himself out as a designated representative of Funding Company XII, T & W Financial and Wilmington, disrupted the proceedings and caused prejudice to defendants.

Based on the Court's review of the record, this finding is clearly warranted and the Court therefore overrules plaintiffs' objections.

## IV. CONCLUSION

The Court has reviewed Magistrate Judge O'Hara's findings and does not find them to be clearly erroneous or contrary to law. Magistrate Judge O'Hara imposed appropriate sanctions under the proper standard and the Court declines to modify the order except to re-instate Stern's deposition. As the Court is not left with a definite and firm conviction that a mistake has been committed, both plaintiffs' and defendants' objections to Magistrate Judge O'Hara's orders are overruled. Furthermore, defendants' request for fees associated with filing the motion currently before the Court is denied.

Defendants have the option to retake the Rule 30(b)(6) deposition prior to trial. If defendants choose to re-take the deposition, plaintiffs shall be given three days notice to produce appropriate, well-prepared designees who will hold themselves out under oath as having the authority to give binding testimony on behalf of all plaintiffs.

Finally, plaintiffs' motion for protective order is denied. Plaintiffs' motion requested a protective order staying the new Rule 30(b)(6) deposition pending the Court's ruling on plaintiffs' and defendants' objections to Magistrate Judge O'Hara's September 4, 2002 order. Because those objections have been addressed and overruled, the motion for protective order is now moot.

**IT IS THEREFORE BY THIS COURT ORDERED** that Plaintiffs' Amended Objection and Motion to Review the Order of Magistrate O'Hara Dated September 4, 2002, (Doc. 74) is denied and/or overruled.

**IT IS FURTHER ORDERED** that Defendants' Objections to Portions of Magistrate O'Hara's September 4, 2002, Order (Doc. 69) are overruled.

may give knowledgeable and binding answers for the corporation); *Buycks–Roberson v. Citibank Fed. Sav. Bank,* 162 F.R.D. 338, 343 (N.D.Ill. 1995) (stating that the duty to present and pre-

pare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was personally involved).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Protective Order (Doc. 73) is denied as moot.