**PIONEER DRIVE, LLC, a Montana Limited Liability Co., Plaintiff,**

v.

**NISSAN DIESEL AMERICA, INC., a Texas Corporation, Nissan Diesel Motor Co., Ltd., a Japanese Corporation, Defendant.**

No. CV 08–115–M–DWM.

United States District Court,
D. Montana,
Missoula Division.

Dec. 3, 2009.

Eric O. English, J. Patrick O'Malley, Resolution Strategies, John F. Neupert, Steven G. Liday, Miller Nash LLP, Portland, OR, Terry K. Botsford, T.K. Botsford, Attorney at Law, Missoula, MT, for Plaintiff.

Billy M. Donley, David R. Jarrett, Baker & Hostetler LLP, Houston, TX, Elena J. Zlatnik, Lawrence F. Daly, Garlington, Lohn & Robinson, PLLP, Randy J. Cox, Thomas J. Leonard, Boone Karlberg, Missoula, MT, for Defendants.

## ORDER

Litigation at times can be trying. However, it is at the intersection of frustration and demand that the wise lawyer will check two axioms: (1) collegiality can displace cost,[1]

1. "A lawyer has an obligation to cooperate with opposing counsel as a colleague in the preparation of the case for trial. Zealous representation of the client is not inconsistent with a collegial

and (2) know the rules. The failure to heed these two universal principles gives rise to the current controversy.

## I. Introduction

Before the Court are Plaintiff Pioneer Drive's two motions for discovery sanctions. In the first motion, Plaintiff claims Defendant Nissan Diesel America obstructed its authorized discovery by forcing Plaintiff to hire a professional videographer to record depositions. For this indiscretion, Plaintiff seeks the costs of the videographer plus attorney fees. The second sanction motion claims Defendant Nissan Diesel America failed to produce an adequately prepared witness at a Rule 30(b)(6) noticed deposition. For this failure, Plaintiff seeks sanctions up to and including the preclusion of Defendant presenting evidence related to the matters in the deposition notice. For the reasons set forth below I find Plaintiff's position should generally prevail. Each motion is discussed in turn.

## II. Obstruction of Depositions

Plaintiff seeks $9,438 in videographer fees plus costs and attorney fees under Federal Rule of Civil Procedure 30(d). Plaintiff argues Defendant impeded and frustrated its fair examination of deponents by refusing to allow Plaintiff's counsel to videotape depositions. Plaintiff claims the obstinance took place despite the presence of a certified court reporter. Defendant argues a deposition can only be recorded by an independent professional, and that the depositions were not impeded or delayed by Defendant's good faith objection.

### A. Factual Background

On July 6 and July 30, 2009, Plaintiff served notices of depositions pursuant to Fed.R.Civ.P. 30(b)(6) upon Defendant calling for a week of depositions starting August 24, 2009. The depositions were to take place at the office of Defendant's counsel in Houston, Texas. The notices stated depositions "will be recorded by video and by a court reporter stenographically." The notices did not state that the videotaping would be conducted by Plaintiff's counsel. Defendant did not object to these notices.

Plaintiff's counsel traveled from Oregon to Texas for the depositions. Before the start of the first deposition, Plaintiff's counsel set up a small video camera with the intention of visually recording the depositions. Defendant's counsel assumed a professional videographer would visually record all depositions and was unaware that the deposition would be recorded by opposing counsel. The Defendant's lawyer objected, and refused to permit the deposition to be videotaped unless an independent professional did so at Plaintiff's expense. In other words, he took the position of "my way or the highway." Defendant's counsel said he had no problem proceeding with only a stenographic recording of the examinations. In response, Plaintiff suggested that the depositions be videotaped by counsel as planned, and the Court could later decide if the recordings should be permitted at trial. Defendant's counsel stood on his objection, and refused "any option whereby [Plaintiff tried] to obtain a video of this deposition or any other depositions noticed for [the] week ... that is not taken via a videographer who is authorized and properly trained to take such videos for use in a trial before the Court." (Iwamura Dep. 8:9–14, Aug. 24, 2009.) Plaintiff then hired a videographer who arrived within about an hour and stayed for the balance of the week's depositions to the tune of about $15,000.

relationship with opposing counsel in service to the court. Motions and pretrial practice are often sources of friction among lawyers, which contributes to unnecessary cost and lack of collegiality in litigation. The absence of respect, cooperation, and collegiality displayed by one lawyer toward another too often breeds more of the same in a downward spiral. Lawyers have an obligation to avoid such conduct and to promote a respectful, collegial relationship with opposing counsel." American College of Trial Lawyers, Code of Pretrial and Trial Conduct 6 (2009). "In dis-

covery, as in all other professional matters, a lawyer's conduct must be honest, courteous, and fair.... Depositions should be dignified, respectful proceedings for the discovery and preservation of evidence[, and] a lawyer must assert an objection only for a legitimate purpose. Objections must never be used to obstruct questioning, to communicate improperly with the witness, to intimidate, to harass the questioner or to disrupt the search for facts or evidence germane to the case." *Id.* at 8–9.

## B. Discussion

■ Plaintiff's motion brings up three issues. First, must a deposition be videotaped by an independent professional when it will also be recorded by a stenographer? Second, do the Federal Rules of Civil Procedure allow such an objection to forestall a deposition from proceeding? Finally, did the Defendant impede, delay or frustrate the deposition warranting an award of sanctions?

### 1. Videotaping Depositions

The problem here arises from the ambiguity of the notice. The notice satisfies the literal requirement of the Rule,[2] but leaves room for interpretation according to local practice, i.e., Texas custom relies on certified videographers while Oregon custom relies on paralegals or associates to handle the camera. The better practice is to clearly identify the means of videotaping in the written notice of deposition.

In this case Defendant's counsel objected to Plaintiff's counsel videotaping the depositions. Defendant argues the Ninth Circuit has not ruled on who can videotape a deposition, and in this silence common sense dictates that only independent professionals may do so.

Nothing in the language of the Rules supports this proposition, and the amendments to the rules and associated comments bolster Plaintiff's position. The Federal Rules of Civil Procedure allow, at the very least, counsel to videotape a deposition in concert with a stenographer recording it. Over the past thirty years courts have increasingly recognized videotaping as an inexpensive and preferable alternative to stenographically recording depositions. *See Sandidge v. Salen Offshore Drilling Co.,* 764 F.2d 252, 259 n. 6 (5th Cir.1985) (listing cases that discuss the preferability of videotaped depositions). This trend was recognized and codified in the

1993 amendments to the Federal Rules of Civil Procedure, which provided that "[u]nless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means." Fed.R.Civ.P. 30(b)(3)(a). The result of this change is that "parties [are] authorized to record deposition testimony by nonstenographic means without first having to obtain permission of the court or agreement from other counsel." Advisory Committee's Note on Fed.R.Civ.P. 30.

■ In authorizing a deposing party to record a deposition by nonstenographic means, the Rules were also amended to address concerns over accuracy. The Rules now provide that a deposition cannot be recorded in such a way that the appearance and demeanor of the deponent or attorneys are distorted. Fed.R.Civ.P. 30(b)(5)(B). At the same time, if the deposed party or counsel has concerns over the recording technique, the deposed party or counsel may choose an additional method of recording the deposition. Fed.R.Civ.P. 30(b)(3). These changes, viewed in concert, permit a party to record a deposition without the assistance of an independent videographer.[3] These changes also confirm that the "my way or the highway" mentality has no place in resolving deposition recording disputes.

Nevertheless, Defendant argues that common sense dictates that an independent videographer be required. Defendant contends that "audio problems, picture quality and angles of a nonprofessional videographer could" affect the objectivity of the recording. *See Brigsten v. So. Baptist Hosp.,* 690 So.2d 810, 811 (La.App. 4th Cir.1996). While concerns over accuracy and objectivity may be warranted, they are misplaced because of the safeguards the Rules provide. A deposed party or counsel concerned about accuracy or image manipulation can seek a protective

---

**2.** Under Fed.R.Civ.P. 30(b)(3)(a), the "party who notices the deposition must state in the notice the method for recording the testimony."

**3.** Fed.R.Civ.P. 28(c) requires a deposition not to be taken before any party's attorney. Whether a party's lawyer can record a deposition without the presence of a stenographer is less certain. At least one court has noted Rule 28(c) has less impact when the deposition is being videotaped

by a party's counsel because that recording process, unlike a stenographic recording, does not involve any interpretation by the video recorder. *See Ott v. Stipe Law Firm,* 169 F.R.D. 380, 381 (E.D.Okla.1996). Regardless, this is not an issue in the present case because there was an authorized stenographer to record the examinations too.

order, can choose an additional method to record the deposition, or can move after the fact to strike the recording. *See* Fed. R.Civ.P. 26(c), 30(b)(3)(B), and 30(b)(5)(B). Given the protective provisions of the Rules, counsel is ill advised to invoke obstinance as opposed to collegiality. An even better option is to read the Rules before the deposition or at least do so when a potentially acrimonious issue arises.

In this case, Defendant's concerns over accuracy and objectivity were misplaced from the start. There was an authorized officer to stenographically record the examination present at the deposition. This provided both an assurance of an accurate record of the deposition, as well as a benchmark upon which the video record could be challenged if that was necessary.

### 2. Depositions and Objections

■ Rule 30(c) states "[a]n objection at the time of examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds" with the testimony taken subject to the objection. This general rule has three exceptions. The examination can be stopped (1) if the deposing party is seeking privileged information, (2) if a party is violating a prior court order, or (3) if the deposition is being conducted in "bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed.R.Civ.P. 30(c)(2) and (d)(3). None of the exceptions apply based on the record of this case. The thrust of the rule is the examination continues unless there is an issue that the court cannot provide relief to after the fact.

Defense counsel objected to the manner of visually recording the deponent but did not let the examination continue. This was a mistaken course to choose. The Defendant does not argue that any of the three exceptions that ostensibly provide grounds for a party to stop a deposition are applicable

here. As such, defense counsel wrongfully obstructed the examinations by objecting to the manner of visual recording without then letting the Court address the objection after depositions were completed.

### 3. Impede, Delay or Frustrate

Rule 30(d)(2) of the Fed.R.Civ.P. provides that a "court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party— on a person who impedes, delays, or frustrates the fair examination of the deponent."

■ Plaintiff claims defense counsel's improper objection forced it to choose from three bad choices. The Hobson's choice was to hire the videographer causing unwanted expense, proceed with the depositions without videotaping them, or cancel the depositions and return to Oregon and then to court in Montana to seek an order authorizing its chosen manner of recording the deposition. Defendant counters that the examination was not impeded, delayed or frustrated. It notes that the deposition was only delayed by an hour with no substantive loss to the examinations, and its objection in the first place was not made in bad faith. Defendant also argues that because the expense at the heart of this motion can be recouped as a taxable cost it is unnecessary to award it as a sanction. While the argument presents a post hoc rationalization of an admittedly faulty position,[4] it is insufficient in negating the displacement of cost.

The argument that there was no frustration or delay to the depositions is, in a sense, disingenuous. Defendant prevented the Plaintiff from carrying out examinations in a cost efficient manner that the Plaintiff was entitled to conduct. The delay was limited to about an hour only because Plaintiff, after assessing the Hobson's choice, essentially was forced to pay a fee to allow the depositions to proceed.

■ Unfamiliarity to the Federal Rules does not necessarily give rise to an objection in bad faith, but Defendant's refusal to allow

---

4. At the hearing, defense counsel admitted that his stopping the deposition was not proper. (Tr.

19:7–8, Nov. 18, 2009.)

the deposition to proceed after making its objection was in bad faith. There was no legal ground upon which Defendant could have stopped the deposition as it did. Defense counsel stated that he did so out of concern that if the quality of the recording was insufficient, Defendant too would be deprived of a video record of the depositions. This proposition is asserted even though counsel previously declared that he was comfortable with the depositions proceeding without them being videotaped. (Jarrett Decl. ¶ 14, October 19, 2009.) When a lawyer acts to gain advantage, without regard to the Federal Rules of Civil Procedure, he or she is not acting in good faith. Indeed, acting contrary to the rules, whether ignorantly or deliberately, is bad faith. Here, defense counsel acted in bad faith.

■ Defendant also argues sanctions are inappropriate because the videographer's fees can be recouped as a taxable cost. This is akin to the robber keeping the cash on the ground that the victim can get restitution if the robber is convicted. The argument presumes Plaintiff will prevail, and even if the Court makes such a presumption, the potential opportunity to recover the expense provides little solace to Plaintiff who has already incurred the expense due to Defendant's bad faith obstinance.

The Defendant impeded and frustrated Plaintiff's examinations. Defendant shall pay Plaintiff's videographer expenses, as well as Plaintiff's costs and attorney's fees to bring this motion.

### III. Failure to Produce a Properly Prepared Deponent

■ Plaintiff also seeks sanctions claiming Defendant failed to produce a properly prepared deponent in violation of Fed.R.Civ.P. 30(b)(6). The remedy sought includes precluding Defendant from arguing or presenting evidence in opposition to the subject matter of the 30(b)(6) deposition.

5.

Q. Okay. What did you do to prepare for the deposition?
A. I reviewed your notice and your exhibits.
Q. The exhibits to the notice of deposition?
A. Yes, that's correct.
Q. Did you do anything besides that?

### A. Factual Background

On July 30, 2009, Plaintiff noticed a Rule 30(b)(6) deposition to occur on August 28, 2009. The Notice listed specific matters on which the deponent would be examined, including focus on four specific sales projections created by Defendant. Three of the sales projections were single-page charts written in Japanese, and the fourth was a quote about sales projections in an intracompany newsletter. For each sales projection, the Notice informed Defendant that the deponent would be questioned about "including but not limited to, the basis for the projections, the authorship, source of data, methodology employed, reliability, use, and understanding of the information." (Notice of 30(b)(6) Dep. ¶¶ 1–4, July 30, 2009.) The Notice advised that the deponent would also be questioned about any "consideration, discussion, analysis or approval" by the board of directors for each projection, and whether any of the projections had been modified or revised. (*Id.* at ¶¶ 5, 7.) Finally, the Notice stated the deponent would be asked if the Defendant had developed any other sales projections pertinent to the case. This Notice made clear that Plaintiff was seeking more than just a description of the projections themselves. Defendant made no objection to the Notice.

Defendant designated the president of the company as the Rule 30(b)(6) deponent. This designee did not author any of the relevant sales projections, nor did he speak or read the Japanese language. He was not in attendance at any of the board of director meetings where the particular sales projections were discussed. At the start of the deposition, deponent stated he had prepared for the deposition by reading the Rule 30(b)(6) Notice, reviewing the exhibits, and by speaking to the author of one of the exhibits.[5]

A. In the case of one Exhibit, I contacted [the author] to obtain a little insight on his calculation—

. . .

Q. Did you do anything else to prepare for the deposition?
A. No, sir.

Exhibit 1 for the deposition was a projected profit opportunity on the sale of certain trucks. The exhibit projected a profit based on selling "x" trucks per year. Deponent stated the "x" figure was the number given by Plaintiff to Defendant. At which point, Plaintiff asked questions straight from the Notice, and discovered the deponent was unprepared to answer.

Q. Did you ask [the author] the source of the [number of trucks sold annually]?

A. I did not.

Q. Okay. Did you ask [the author] the— what methodology he employed to derive the [number of trucks]?

A. I did not.

Q. Did you ask [the author] whether it was reliable?

A. If I did not speak to him, I don't think I did. I did not.

Q. Did you ask [the author who was also a board member] whether the board members were presented with this information [and] considered it to be useful and reliable?

A. I did not.

(Wetherell Dep. 14:15–15:5, Aug. 28, 2009.)

This same pattern played out for exhibits number two and three.[6] For each exhibit, Defendant's designee was totally unprepared to provide complete and binding answers on behalf of the Defendant. He was unprepared to discuss the source of the data in the projections, whether the projections were deemed reliable, or whether the board of directors ever saw the projections and if so what conclusions they drew from them. In addition, deponent admitted he had not asked anyone if additional projections were made, and he was only able to answer based on personal recollection. (Wetherell Dep. 46:3–22, Aug. 28, 2009.) The witness was the proverbial "pig in a poke."

## B. Discussion

Plaintiff claims deponent was inadequately prepared as required by Rule 30(b)(6). Plaintiff then argues this failure to prepare

(Wetherell Dep. 6:5–23, Aug. 28, 2009.)

was tantamount to a nonappearance at a deposition that warrants the imposition of sanctions. Defendant responds that the designated witness was knowledgeable and provided substantive responses, and that even if deponent's testimony was inadequate Plaintiff's motion is undermined by controlling legal authority. Furthermore, at oral argument defense counsel suggested the problem was not with the witness but with Plaintiff's interrogation.

1. Federal Rule of Civil Procedure 30(b)(6)

Under Fed.R.Civ.P. 30(b)(6), a party may provide notice of matters for examination to an organization. That organization is then required to designate one or more persons to testify about the matters noticed, and such persons must "testify about information known or reasonably available to the organization."

The rule is designed to ensure efficient discovery with corporate entities. *Resolution Trust Corp. v. Southern Union Co., Inc.*, 985 F.2d 196, 197 (5th Cir.1993). A notice followed by the organization designating a representative avoids floundering depositions of agents who lack authority over the matter, or knowledge about the matter. Advisory Committee's Note on Fed.R.Civ.P. 30. Behind the principle of efficiency, comes the corollary of responsibility. The proponent must describe "with reasonable particularity the matters for examination." Fed.R.Civ.P. 30(b)(6). The corporate party then has an affirmative duty to educate and to prepare the designated representative for the deposition. *Sprint Commc'n Co. L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D.Kan. 2006). This duty requires a Rule 30(b)(6) designee to testify to more than just what he or she personally knows. The designee speaks for the organization as a whole and must make efforts to be able to do so. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C.), *aff'd*, 166 F.R.D. 367 (1996). That means the designee cannot be a potted plant.

---

**6.** Exhibit 4 was the only exhibit that deponent was able to provide more responsive answers.

Plaintiff argues Defendant's designee failed to prepare and that he was unable to answer many of the matters that were properly noticed. Defendant counters that its designee provided substantive answers, and that many of deponent's answers only appear non-responsive when taken out of context. Defendant asserts Plaintiff's counsel did not follow up with his questions so as to flesh out the witness' knowledge and authority.

After reviewing the briefs and examining the deposition transcript, Plaintiff appears to be correct. Defendant had an obligation to educate its designee so he could testify on behalf of the corporation, and so he could provide binding answers to the matters in the notice. The transcript shows this was not done. Defendant knew the deposition was going to involve questions beyond the four corners of each projection, about subject areas like the source of the data and the board of directors' opinions of the projections.[7] Yet the deponent readily admitted that he did not enquire about the history or production of the documents beyond briefly discussing one of the projections with its author. Nor did he speak to anyone on the board of directors about his or her opinion of the projections.

■ Defendant claims that although its designee was unprepared to discuss the board's opinion of the projections, Defendant fulfilled its obligations on this matter by supplying the Plaintiff the minutes to board of director meetings.[8] Producing documents at the deposition in lieu of testimony, however, is not a substitute for providing an educated deponent. *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 541 (D.Nev.2008). Indeed, such conduct smacks of gamesmanship.

■ Defendant also argues that any shortcomings in deponent's testimony was a function of the inadequacy of the Notice it-self. It contends the Notice contained a dragnet provision of "including but not limited to," which prevented the Defendant from being fully prepared. It is correct that a Rule 30(b)(6) notice must describe "with reasonable particularity the matters for examination." While this is true, Defendant's argument is unpersuasive for two reasons. First, deponent's shortcomings did not arise through his inability to answer dragnet questions. Instead, he failed to make the most basic of efforts to educate himself on the sales projections and how they were created and how they were appraised by Defendant. Due to his failure to prepare, he was unable to answer questions specific to the matters listed in the Notice. Second, Defendant did not object to the Notice. If it was ambiguous or overly broad, Defendant could have sought a protective order under Rule 26(c). By failing to object prior to (or even at) the deposition, Defendant cannot now attempt to excuse its inadequate preparation of the designee by pointing to problems it now sees in the Notice. To countenance such behavior would be to invite or to encourage discovery games and gamesmanship.

In short, Defendant's designee was not knowledgeable about the noticed matters nor was he prepared to give complete and binding answers on behalf of the organization. The Defendant failed its obligation to produce a witness under 30(b)(6). While a physical body was present, no person who satisfied the legal requirements of Rule 30(b)(6) was produced.

2. Availability of Sanctions

■ Fed.R.Civ.P. 37(d) grants courts the discretion to impose sanctions if a party fails to attend its own deposition. Many courts treat the failure of an organization to produce a prepared and educated witness under Rule 30(b)(6) as tantamount to a nonappearance at a deposition, meriting the imposition

7. Defendant also argues it had no idea its designee would be expected to answer questions about what its board thought of the projections, but this was clearly listed in the Notice. Reading the notice is often as helpful as reading the rules. The argument is not very persuasive when the deponent testified that he prepared by reading the Rule 30(b)(6) notice.

8. Defendant makes the same argument as to deponent's failure to testify adequately whether other projections existed. Defendant states its designee did not enquire into the matter because Defendant produced thousands of pages to Plaintiff. Maybe so, but this does not relieve Defendant of its duty to educate its designee.

of sanctions. *See, e.g., Resolution Trust,* 985 F.2d at 197; *Great Am. Ins. Co.,* 251 F.R.D. at 542; *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y.1997).

Defendant argues that Ninth Circuit law forecloses such a possibility. In *Estrada v. Rowland,* the Ninth Circuit stated that a "party who appears at a deposition but refuses to testify does not 'fail to appear' for the purposes of Federal Rule of Civil Procedure 37(d)." 69 F.3d 405, 405 (9th Cir.1995). Based on this authority, Defendant argues that it appeared at the deposition despite any shortcomings of its witness, and Rule 37(d) sanctions are thus not available.

■ Defendant's reliance on *Estrada* is not persuasive. In that case, the Court was dealing with a *pro se* party, not an organization. An organization, unlike a person, can only appear at a deposition vicariously through its designee. If the designee "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp.,* 985 F.2d at 197. This distinction between when a person appears versus when a corporation appears under Rule 30(b)(6) makes sense in light of the purpose behind Rule 30(b)(6), which is designed to "curb the 'bandying' by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge" of relevant facts. Advisory Committee's Note on Fed.R.Civ.P. 30; *see also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.,* 228 F.3d 275, 304 (3rd Cir.2000). To apply *Estrada* here would thwart the purpose of the rule, and it would allow Defendant to escape sanctions where there is no opportunity for Plaintiff to obtain the testimony it sought in the first place. *See Great Am. Ins. Co.,* 251 F.R.D. at 542 (noting Rule 37(d) sanctions are available for a corporation who fails to present an adequately prepared witness out of reverence to the purpose of Rule 30(b)(6)). Rule 37(d) sanctions are available when an organization fails to produce and prepare a knowledgeable witness under Rule 30(b)(6).

#### c. Remedy

Sanctions under Rule 37 are designed to be flexible so that courts have the discretion to "vouchsafe full discovery for the just, speedy, and inexpensive determination of the lawsuit." *Robison v. Transamerica Ins. Co.,* 368 F.2d 37 (10th Cir.1966). The Rule provides for a range of sanctions ranging from the imposition of costs to entry of default judgment.

Plaintiff requests a severe sanction under Rule 37(d): that Defendant be prohibited from arguing or presenting evidence regarding the four sales projections. In support, Plaintiff cites *United States v. Sumitomo Marine & Fire Ins. Co.,* 617 F.2d 1365, 1369 (9th Cir.1980). In that case, however, the court precluded a party from offering evidence of its damages only after the party had flouted numerous discovery orders over an eighteen-month period and had already been sanctioned for its behavior. *Id.* at 1366–69. There is no similar pattern here. Defendant has yet to flout a court order nor been sanctioned. To impose such a drastic punishment at this time would be both disproportionate as well as frustrate litigation's goal of resolving disputes on the merits.

Nonetheless, some sanction is appropriate. The sanctions imposed should deter Defendant's conduct, and remedy any prejudice it caused Plaintiff. As a sanction, Defendant must pay Plaintiff its reasonable costs and attorney fees in bringing this motion. Additionally, the Defendant must designate a person or persons to be deposed by Plaintiff on the matters listed in its prior Rule 30(b)(6) Notice, at a location of Plaintiff's choosing. Defendant must pay Plaintiff's travel costs and expenses, as well as one attorney's fees necessitated by the retaking of the Rule 30(b)(6) deposition.

To ensure this does not happen again, Defendant shall file a statement with this Court prior to the ordered deposition. The statement shall make clear who Defendant designates to represent it on each of the seven matters listed on Plaintiff's 30(b)(6) Notice. Failure to provide knowledgeable designees who can answer on behalf of De-

fendant shall be treated as contempt of court pursuant to Fed.R.Civ.P. 37(b), and in such a circumstance Defendant's designee(s) and counsel may be jailed until the matters are testified to properly. Each designee shall sign the statement of designation, and in doing so provide that he or she is knowledgeable and fully able to testify to the matter(s) listed, and that he or she understands the punishment for failure to do so. Defendant's counsel shall also sign the statement of designation, and in doing so make clear that he or she fully understands what is expected of each designee, that he or she in good faith believes each designee has the requisite knowledge of the subject matter and is capable of testifying on behalf of Defendant, and that he or she understands the punishment for failure to do so.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff Pioneer Drive's Motion for Discovery Sanctions (Obstruction of Depositions) (dkt # 84) is GRANTED. The Court orders Defendant Nissan Diesel America to pay Plaintiff's videographer fees, and costs and attorney fees incurred in bringing this motion.

IT IS FURTHER ORDERED that Plaintiff shall file and serve a memorandum supported by affidavit detailing these costs within FIFTEEN (15) days of the date of this Order. Defendant shall have FIVE (5) days to object to the costs or attorney fees claimed by Plaintiff.

IT IS FURTHER ORDERED that Plaintiff Pioneer Drive's Motion for Discovery Sanctions (Rule 30(b)(6) Violation) (dkt # 88) is DENIED in part and GRANTED in part as follows.

1. Defendant Nissan Diesel America is compelled to produce one or more thoroughly educated and prepared designees to answer on its behalf the questions listed on Plaintiff's Rule 30(b)(6) Notice (dkt # 90-1). The examination(s) will take place at a location of Plaintiff's choosing, and shall occur no later than THIRTY (30) days from the date of this Order.

2. Prior to the examination(s), Defendant Nissan Diesel America shall file and serve a statement providing (a) who it designated for each matter listed in the Notice, and (b) that each designee is capable of testifying on behalf of the Defendant and that failure to do so will be treated as contempt of court. The statement must be (c) signed by each designee and Defendant's counsel and indicate that they understand what is expected of them as evidenced in the 30(b)(6) Notice and this Order.

3. Defendant shall pay Plaintiff's costs and attorney fees incurred in bringing this motion. Plaintiff shall file and serve a memorandum in accord with the terms of this order, supported by affidavit, detailing these costs within FIFTEEN (15) days of the date of the compelled deposition(s).

4. Defendant shall have FIVE (5) days to object to the costs or attorney fees claimed by Plaintiff.