Althea BOOKER, Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF PUBLIC HEALTH (The Lemuel Shattuck Hospital), The Executive Office of Health and Human Services, Paul Romary (individually), Edward Nicosia (individually), Jennifer Foley (individually), and Shawn McMullen (individually), Defendants.

Civil Action No. 05–12103–RGS.

United States District Court, D. Massachusetts.

Oct. 4, 2007.

**388**

Irene H. Bagdoian, Matthew Q. Berge, Bryan G. Killian, Office of the Attorney General, Boston, MA, for Defendants.

Mark Booker, Boston, MA, for Plaintiff.

## CONSOLIDATED ORDER ON PLAINTIFF's VARIOUS MOTIONS

ALEXANDER, United States Magistrate Judge.

Emboldened by this Court's granting of previous motions and sanctions against defense counsel, Plaintiff has filed three additional motions relating to ongoing discovery disputes between the parties.[1] This Court has no interest in enabling a practice of fostering the filing of motions which focus solely on minute disagreements and diminutive claims, instead of the broader goals of moving forward towards trial. Accordingly, and for the reasons stated below, Plaintiff's motions are each DENIED, and Defendant's Cross Motion to Compel the Completion of Plaintiff's Deposition is ALLOWED.

*Plaintiff's Motion to Determine the Sufficiency of Defendants' Answers to Plaintiff's Requests for Admissions (Docket # 57)*

Plaintiff, having served upon the Defendants roughly 125 requests for admissions under Fed.R.Civ.P. 36(a), now finds fault with twelve of the Defendants' answers. Under Rule 36(a), "the party to whom the request is directed serves upon the party re-

questing the admission a written answer or objection addressed to the matter." Fed. R.Civ.P. 36(a). Additionally, "a denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder." *Id.; see also Climco Coils Co. v. Siemens Energy & Automation, Inc.,* Civ. No. 04–50342, 2006 WL 850969, at *1 (N.D.Ill. Mar.28, 2006) (recognizing, "sometimes an admission may necessitate qualification when the request is technically true, but an explanation is needed to cure improper inferences. In such a case, the responding party may in 'good faith' qualify their response, but in doing so must also state specifically what part of the request is true").

■ Here, Plaintiff's motion focuses on twelve qualified answers by the Defendants which, contrary to Plaintiff's allegations, do not "manifestly lack good faith." Troubling is Plaintiff's correct identification and interpretation of the law, followed by a strikingly incorrect application. *See e.g., id.* at *2–5 (dividing requests for admissions into five categories and determining responses for requests under categories B, C, and D to be sufficient). For example, as evidence of Defendants' bad faith, Plaintiff draws the Court's attention to Ms. Foley's response to Request for Admission No. 3. Asked whether Ms. Foley "necessarily" reduces to writing each instance in which an employee "raises an issue" with her, Ms. Foley responded by objecting to the vagueness of the phrase "raises an issue", while admitting that she does not "routinely" reduce employee complaints to writing. Plaintiff now asks that this Court find Ms. Foley's choice of vernacular as evidence of bad faith. Instead, this Court is persuaded that Ms. Foley's answer sufficiently qualifies her admission while successfully avoiding Plaintiff's repeated at-

---

1. The motions consolidated for this order are docket numbers 57, 58, 67, and 149. These motion are, respectfully: Plaintiff's Motion to Determine the Sufficiency of Defendants' Answers to Plaintiff's Requests for Admissions; Plaintiff's Motion for an Order Imposing Sanctions Upon, and Compelling Sworn Written Testimony From, Defendant Massachusetts Department of Public Health for Failure to Comply with Fed.R.Civ.P. 30(b)(6); Plaintiff's Motion for Protective Order, Pursuant to Fed.R.Civ.P. 26 and 30, Preventing Defendants from Resuming Plaintiff's Deposition; and Defendants' Cross Motion to Compel Completion of Plaintiff's Deposition.

tempts at characterizing the task of writing down complaints as a "necessary" aspect of Ms. Foley's duties.[2] Ultimately, each of Defendants' responses to Plaintiff's requests for admissions adequately and in good faith qualify the admission—specifying which parts of the request are, or are not, admitted. The motion is DENIED.

*Plaintiff's Motion for an Order Imposing Sanctions Upon, and Compelling Sworn Written Testimony From Defendant (Docket # 58)*

■ Corporations have a duty to make a good faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions. *See Starlight Int'l Inc. v. Herlihy,* 186 F.R.D. 626, 639 (D.Kan.1999). Additionally, "if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *Marker v. Union Fidelity Life Ins. Co.,* 125 F.R.D. 121, 126 (M.D.N.C.1989). However, it is ultimately up to the corporation to designate its Rule 30(b)(6) witness. *See* Fed.R.Civ.P. 30(b)(6) ("the organization so named shall designate one or more officers ... to testify on its behalf"); *Resolution Trust Corp. v. S. Union Co., Inc.,* 985 F.2d 196, 197 (5th Cir.1993) (noting that Rule 30(b)(6) places burden of identifying and designating responsive witnesses for corporate deposition upon corporation itself).

■ Though the Plaintiff clearly would have preferred Barbara MacLaughlin to be the Department of Public Health's 30(b)(6) designee, such a preference should not have spawned a motion for sanctions. On the contrary, Plaintiff may not impose his belief on Defendants as to whom to designate as a 30(B)(6) witness. *See Foster–Miller, Inc. v. Babcock & Wilcox Canada,* 210 F.3d 1, 17 (1st Cir.2000) (upholding sanctions imposed by district court for failure to properly desig-

nate 30(b)(6) witness by shifting burden to opposing party). Here, not only was Defendants' Rule 30(b)(6) designee sufficiently knowledgeable on the subject matter, but Defendants have shown good faith by making Barbara MacLaughlin available for additional fact testimony after designating Brian Devin as their Rule 30(b)(6) designee. Accordingly, the motion is DENIED.

*Plaintiff's Protective Order and Defendants' Cross Motion to Compel Completion of Plaintiff's Deposition (Docket # 67 and 149)*

■ Though Defendants' substantial delay in completing Plaintiff's deposition testimony is not countenanced by this Court, granting Plaintiff's Protective Order, and preventing the completion of Plaintiff's deposition, would be unjustly prejudicial. The Plaintiff's complete deposition is central to this case. Accordingly, Plaintiff's Motion for a Protective Order is DENIED and Defendants' Cross Motion to Compel Completion of Plaintiff's Deposition is ALLOWED. Such deposition is limited to the topic of physical manifestations of the Plaintiff's claimed emotional distress, and shall be completed within 10 days of this Order, on a date and time to be agreed upon by the parties.

SO ORDERED.

---

2. Ms. Foley's deposition testimony establishes, despite Plaintiff's attempts to characterize it otherwise, that Ms. Foley does not always write down employee complaints, because it is not her responsibility, and that employees may make official complaints by reducing the complaints to writing themselves. *See* Docket # 57, Defendant's Opposition, p. 11. Argument to the contrary is better suited for trial.