**W HOLDING COMPANY, INC., et al., Plaintiffs,**

**v.**

**CHARTIS INSURANCE COMPANY OF PUERTO RICO, Defendant;**

**Federal Deposit Insurance Corporation, as receiver of Westernbank Puerto Rico, Plaintiff–Intervenor,**

**v.**

**Frank Stipes García, et al., Cross–Claim Defendants,**

**Chartis Insurance Company of Puerto Rico, Previously–Joined Defendant,**

**and**

**Marlene Cruz Caballero, et al., Additional Defendants.**

**Civil No. 11–2271 (GAG/BJM).**

United States District Court, D. Puerto Rico.

Signed Jan. 16, 2014.

Carlos A. Lazaro–Castro, San Juan, PR, PHV Andres Rivero, Rivero Mestre, Coral Gables, FL, for Plaintiffs.

Fernando Sabater–Clavell, Luis N. Saldana–Roman, Saldana, Carvajal & Velez–Rive, Psc., San Juan, PR, Anjali C. Das, Craig M. Derrig, James K. Thurston, Kimberly E. Rients–Blair, Michael P. Tone, Wilson Elser Moskowitz Edelman & Dicker LLP, Chicago, IL, for Defendant.

John C. Anjier, Mandie E. Landry, Carey L. Menasco, George Denegre, Jr., James A. Brown, Liskow & Lewis, PLC, New Orleans, LA, Larry L. Goodman, Federal Deposit Insurance Corporation, Arlington, VA, Linette Figueroa–Torres, Manuel Fernandez–Bared, Jane P. Van Kirk, Toro, Colon, Mullet, Rivera & Sifre, PSC, San Juan, PR, for Plaintiff–Intervenor.

### ORDER

BRUCE J. McGIVERIN, United States Magistrate Judge.

Before the court is a motion from the Federal Deposit Insurance Corporation in its corporate capacity ("FDIC–C"), seeking a protective order to narrow or strike former Westernbank Director and Officer defendants' ("D & Os") Rule 30(b)(6) deposition notice. Docket No. 715 ("Mot."). The D & Os opposed (Docket No. 751, "Opp."), and FDIC–C filed a reply (Docket No. 770–1, "Reply"). The motion was referred to me for disposition. Docket No. 716. For the reasons that follow, FDIC–C is ordered to produce a corporate representative to testify as to areas 1, 2, 7, 16 (as it relates to Westernbank), 18, and 19.

In the D & Os' amended notice of video deposition, they identified 27 areas of examination. *See* Docket No. 715–2. The D & Os have agreed to withdraw areas 24 and 25, and to limit area 23 to Westernbank. Opp. 6 n.8. The FDIC–C has agreed to testify to areas 9–11, 13–15, and 17. The FDIC–C contends all other deposition topics should be stricken as overly broad, irrelevant, or misdirected.

Before reaching the merits, the court must first note the seemingly trivial nature of the instant discovery dispute. The D & Os' 27

examination areas are broadly worded and some clearly encompass areas neither relevant nor reasonably likely to lead to admissible evidence. The FDIC–C replied with its own list of proposed examination areas, albeit a shorter and narrower list of topics (*see* Mot. 4–5). Upon comparison, the two lists are substantially the same. Indeed, the parties' lengthy submissions hardly assist the court in identifying the critical areas of disagreement between the D & Os and the FDIC–C. The court wishes to remind the parties of their obligation to engage in good faith efforts to *avoid* and resolve discovery disputes without resorting to the court. *Velazquez–Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R.2011). The FDIC is a party to this case and subject to the rights and obligations flowing from the Federal Rules, just as any other litigant. The D & Os are reminded that overly broad discovery requests create unnecessary conflicts that do not advance the merits of their case. More discovery does not mean better discovery, sometimes it is just more. Finally, failure to comply with discovery obligations and engage in discovery in a responsible manner will not be tolerated and will result in sanctions.

### DISCUSSION

The Federal Rules of Civil Procedure provide litigants with various discovery tools to establish material facts underlying the case. Discovery extends to matters that are relevant or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1). At the same time, the rules provide that a court "must limit the frequency or extent of discovery otherwise allowed" under the rules if:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case. . . .

Fed.R.Civ.P. 26(b)(2)(C). In relevant part, Rule 26(c) provides that a party or person from whom discovery is sought may move for a protective order, and the court may, for good cause, issue a protective order to protect that party from annoyance or undue burden by issuing an order that forbids the discovery, forbids inquiry into certain matters, or limits the scope of discovery to certain matters. Fed.R.Civ.P. 26(c)(1).

■ Under Rule 30, when an organization is noticed for deposition, the organization must designate one or more persons to testify on its behalf. Fed.R.Civ.P. 30(b)(6). The deposing party "must describe with reasonable particularity the matters for examination." *Id.* The person or persons so designated by the organization need not have personal knowledge of the events in question, so long as they are able to testify to "information known or reasonably available to the organization." *Id.; see also Mitsui & Co. v. P.R. Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R.1981) ("The general rule is that a claimed lack of knowledge does not provide sufficient grounds for a protective order"). The rule implies an obligation on the organization to "prepare the designees so that they may give knowledgeable and binding answers for the [organization]." *Booker v. Mass. Dep't of Pub. Health*, 246 F.R.D. 387, 389 (D.Mass.2007).

With these principles in mind, I proceed to examine each of the disputed examination topics.

Topics 1 and 2 (facts and allegations in the complaint and answer, including affirmative defenses) are clearly relevant and within the scope of discovery. The FDIC–C, however, argues that the topics are overly broad and the case is so complex such that it would be unduly burdensome for any representative to adequately address. Mot. 7. But the FDIC–

C, as a party to this case, cannot escape its discovery obligations under the Federal Rules. The rules do not require the FDIC–C to exert superhuman abilities and testify as to all the facts and allegations in the pleadings, only those "known or reasonably available to the organization." Fed.R.Civ.P. 30(b)(6). The FDIC–C is free to designate multiple corporate representatives to accomplish this task. The D & Os are entitled to discovery of all facts in the pleadings and I see no reason to limit that right under the present circumstances.

■ Topics 3, 4, 8, and 20 are stricken for vagueness and overbreadth. Topic 3 extends to all "policies and regulations governing the FDIC in relation to FDIC-insured financial institutions" and topic 4 refers to policies and regulations governing all actions with respect to loans.[1] Topic 8 pertains to "the agreements and communications between the FDIC and Westernbank," and topic 20 requests "the FDIC's data relating to the financial situation of the banks in Puerto Rico." All of these topics are so broad as to be meaningless. Topic 4 is so broadly worded that it extends to *any* policies and regulations relating to loans, not confined to Westernbank or the FDIC. The D & Os in their opposition assert that these topics are meant to pertain specifically to Westernbank. If so, then the words should so reflect. At this stage in discovery, and considering the number of motions that have been filed to oppose the D & Os' exceedingly broad discovery requests, the court will not save the D & Os from sloppy drafting.

■ Topics 5 (duties owed by FDIC to banks in the United States and Puerto Rico) and 6 (FDIC's due diligence in examining and rating banks) are stricken for vagueness and for seeking legal conclusions, not facts. *Neponset Landing Corp. v. Nw. Mut. Life Ins. Co.*, 279 F.R.D. 59, 61 (D.Mass.2011)

---

1. The FDIC–C also argues that topics 4, 12, 21, 22, and 24 should be stricken as they address receivership issues and directed towards FDIC–R. Aside from the fact that these areas pertain to pre-receivership activity, of which the FDIC–C is more knowledgeable, the D & Os' deposition of FDIC–R cannot substitute and is not necessarily duplicative of a deposition of FDIC–C. The two FDIC entities have maintained their separate identities throughout these proceedings and the D & Os are within their rights to depose both entities to obtain their positions on the facts of the case.

(noting Rule 30 depositions "are designed to discover facts, not ... legal theories").

■ Topic 7 ("identities, duties, obligations, performance, former and present employment statuses, and qualifications of FDIC employees who examined Westernbank"), although broadly worded, is sustained as relevant or reasonably calculated to lead to the discovery of admissible evidence. The FDIC–C has agreed to identify the relevant FDIC examiners and testify to their examination experience, but objects to discussing the "performance" and "former and present employment statuses" of these examiners on relevance and "privacy" grounds. Mot. 10–11. However, the performance and employment history of FDIC examiners are directly relevant to the D & Os' contributory negligence claim as it may shed light on whether the FDIC was negligent in carrying out its alleged duties. Moreover, the FDIC–C cites no authority to support its claim that "privacy" concerns warrant a protective order limiting otherwise relevant material.

■ Topics 12, 21 and 22 are stricken as overly broad because they extend to "any Property formerly held by Westernbank," whether or not related to the loss loans at issue or then existing during the period in which the D & Os allegedly engaged in negligent mismanagement of the company's assets (2004 through 2009).

Topic 16 in essence refers to Project Themis, which the FDIC–C has agreed to testify to. But the request is broadly worded to encompass activities relating to the closure of other banks, and the "consolidation of the banking industry" in Puerto Rico. As noted in this court's order from November 12, 2013, the D & Os have failed to explain how other bank closures and the alleged consolidation of the Puerto Rico banking industry are relevant to this action. Accordingly, this request is modified to read: "any intentions, plans and communications relating to the closure, seizure, termination, distribution of Property, and receivership of Westernbank."

Topics 18 and 19 are sustained as is. Although the Office of the Commissioner of Financial Institutions of Puerto Rico ("OCFI") is the agency that closed Westernbank, the FDIC was allegedly in coordination with the OCFI and played a role in the bank's closure. Opp. 15. The court notes that the FDIC–C disagrees with the D & Os' characterization of their involvement (Reply 9 n.7), but I do not take the FDIC–C to assert that they had no involvement in the OCFI's decision to close Westernbank. In any event, the FDIC–C is not required to testify regarding facts and information beyond their knowledge, only those "known or reasonably available" to the organization.

■ Topic 23 ("any assistance, financial or otherwise, provided by the federal government to any Banking Institution") is stricken for overbreadth and relevance. The topic as worded extends beyond Westernbank and TARP assistance to reach *any* federal assistance to *any* bank. The D & Os may depose the FDIC–C on this subject to the extent it is referenced in the Third Party Complaint and thus noticed under topics 1 and 2.

Topics 26 and 27 are generic and do not provide the reasonable particularity required by Rule 30.

## CONCLUSION

For the foregoing reasons, FDIC–C's motion is **DENIED IN PART** and **GRANTED IN PART.** The FDIC–C is ordered to produce a corporate representative to testify as to areas 1, 2, 7, 16 (as it relates to Westernbank), 18, and 19. All other disputed areas of examination are stricken.

**IT IS SO ORDERED.**