Robert R. ESTRADA, Plaintiff–Appellant,

v.

James K. ROWLAND; J.S. Stainer; R. Haase; S. Sosa; M. Melgado; Garcia and N. Haywood, Defendants–Appellees.

No. 94–15236.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 1995 *.

Decided Nov. 8, 1995.

Robert Reginald Estrada, In Pro Per, Crescent City, California, for plaintiff-appellant.

G. Lewis Chartrand, Deputy Attorney General, Sacramento, California, for defendants-appellees.

Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.

PER CURIAM:

The district court dismissed Robert R. Estrada's § 1983 action when he attended his deposition but refused to testify. Because a party who appears at a deposition but refuses to testify does not "fail to appear" for the purposes of Federal Rule of Civil Procedure 37(d), we reverse and remand.

I

In 1991, Estrada brought a § 1983 prisoner's action against several employees of the California Department of Corrections alleging assault and property destruction. On July 2, 1993, a Deputy Attorney General attempted to depose Estrada. While Estrada appeared at the deposition, he repeatedly refused to testify. Estrada offered two justifications. First, the notice of deposition did not state the time at which the deposition would begin.[1] Second, he wanted a signed commitment by the Deputy Attorney General that he would furnish Estrada with a copy of the transcript of the deposition; he claimed that the Attorney General's office had failed to provide him with a copy of the transcript of another deposition taken for another case. Estrada then ended the deposition:

Q. (By the Deputy Attorney General)

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

1. While Estrada may actually have complained that the deposition did not begin on time, this complaint is equally frivolous.

I don't care about your other cases. I am here to do this case. If you want to do this case, go forward, we will. If not, we can close up shop.

A. (By Estrada)

We can close up shop right now. That's fine. You said it. That's it. I'm gone. I don't want to listen to your deposition stuff, if you are not going to give me a copy of it.

In response, the defendants moved to dismiss. On November 1, 1993, a federal magistrate recommended dismissal, finding that Estrada's refusal to testify was frivolous, that a new deposition would cost the state $500, that Estrada was unlikely to cooperate in a new deposition, and that monetary sanctions would have no effect because Estrada could not pay them. On January 7, 1994, the district court accepted the magistrate's findings and dismissed the action.

## II

The District Court had jurisdiction over Estrada's action pursuant to 28 U.S.C. § 1343. We have jurisdiction over Estrada's appeal pursuant to 28 U.S.C. § 1291.

## III

 Federal Rule of Civil Procedure 37(d) provides:

[i]f a party ... fails ... to appear before the officer who is to take the deposition, after being served with a proper notice, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Rule 37(b)(2)(C) provides the sanction of dismissal. This circuit has strictly construed the language of Rule 37(d). *See, e.g., Pennwalt Corp. v. Durand–Wayland, Inc.,* 708 F.2d 492, 494 n. 4 (9th Cir.1983) (the rule does not apply to non-parties "because it addresses only a party's failure to appear....").

Estrada attended his deposition but refused to testify. This is not a "failure to appear" for the purposes of Rule 37(d). Accordingly, the proper remedy is a court order to testify under Rule 37(a), and not dismissal under Rule 37(b)(2)(C). Four other circuit courts have explicitly adopted this interpretation of Rule 37(d). *R.W. Int'l Corp. v. Welch Foods, Inc.,* 937 F.2d 11, 15 n. 2 (1st Cir. 1991) (" 'failure to appear' for a deposition is strictly construed and Rule 37(d) sanctions apply only when a deponent literally fails to show up for a deposition session") (quotations and citations omitted); *SEC v. Research Automation Corp.,* 521 F.2d 585, 589 (2nd Cir.1975) ("Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn in and by testifying, the proper procedure is first to obtain an order from the court...."); *Stevens v. Greyhound Lines, Inc.,* 710 F.2d 1224, 1228 (7th Cir.1983) (quoting *Research Automation*); *Aziz v. Wright,* 34 F.3d 587, 589 (8th Cir.1994) ("refusal to answer questions or participate [at a deposition] does not constitute a 'failure to appear' "), *cert. denied,* ⸺ U.S. ⸺, 115 S.Ct. 752, 130 L.Ed.2d 652 (1995).

Accordingly, the dismissal by the district court is reversed and remanded.

REVERSED and REMANDED.