NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 13 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARILYN WATKINS, | No. 15-35671 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:14-cv-00247-JCC |
| INFOSYS, d/b/a INFOSYS, Ltd., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 4, 2017**
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and BOULWARE,***
District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard F. Boulware II, United States District Judge for the District of Nevada, sitting by designation.

1

Marilyn Watkins ("Watkins") sued her former employer, Infosys, Ltd. ("Infosys"), an information technology company headquartered in India and with clients in over thirty countries, alleging that Infosys unfairly denied her a compensation increase and title when she was promoted, and that Infosys retaliated against her by terminating her after she lodged an internal complaint. Watkins asserted the following causes of action: 1) race and national origin discrimination, 2) race and national origin discrimination impacting compensation, job status, and other conditions of employment, and 3) unlawful retaliation, all in violation of the Washington Law Against Discrimination ("WLAD").[1] Infosys moved for summary judgment on each of Watkins' claims. Watkins moved for sanctions regarding Infosys' 30(b)(6) deposition, pursuant to Federal Rule of Civil Procedure 37(d).

The district court granted summary judgment in favor of Infosys as to all four of Watkins' claims. The district court found that Watkins presented no genuine dispute of material fact on any of her claims. The district court also denied Watkins' motion for sanctions regarding the 30(b)(6) deposition, finding that the motion lacked merit, as Watkins did not show that the 30(b)(6) deponent "failed to appear" as required by Rule 37(d), and further finding that an award of

---

[1] The district court granted summary judgment on Watkins' fourth claim for breach of promise of specific treatment, which Watkins does not appeal.

sanctions against Infosys, in light of Watkins' own discovery-related misconduct, was inappropriate. We affirm.

1. We affirm the district court's finding that Watkins did not establish a prima facie case of race or national origin discrimination as to her first three causes of action. With regard to the compensation claim, Watkins did not establish that she was entitled to receive a pay increase, as the undisputed facts demonstrate that she had retained her salary from a higher paying department and was earning a higher salary than her Education & Research ("E&R") peers. Watkins presented no admissible evidence that her compensation was lower than that of any other similarly situated employee.

As to her title, Watkins failed to demonstrate that she was qualified to be designated a titleholder (or partner in the United States), or that the requirements for such recognition were in fact arbitrarily set or disregarded. The undisputed facts show that Watkins was initially not qualified for the Head, Management and Consulting Skills Department ("Head-MCSD") role she ultimately held, that she subsequently withdrew her application for partner, and that she was later determined to be unqualified for promotion based upon her performance ratings.

Finally, the district court did not abuse its discretion in finding that the cost optimization process, or reduction-in-force, which Infosys undertook in June 2013 was the reason that Watkins' position was eliminated. The undisputed facts

3

demonstrate that Infosys announced and implemented an international reduction-in-force, including the elimination of ten high-paying E&R positions like Watkins'. Watkins did not present competent evidence of similarly situated employees who did not suffer the same fate. The district court did not err in dismissing these claims.

We also do not find that the district court erred when it did not substantially rely upon or credit alleged factual assertions made by Watkins in the declarations and other exhibits attached to her submissions. Our review of the record confirms that Watkins frequently alleged facts on her belief or understanding that were not within her personal knowledge or within the personal knowledge of someone directly familiar with her employment circumstances. The district court correctly rejected such alleged factual assertions. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (finding that the district court properly rejected plaintiff's evidence where she "cite[d] only her own self-serving and uncorroborated affidavit and deposition testimony in support of [her] assertion[s], and provide[d] no indication how she [knew the facts] to be true.").

2. The district court did not err when it dismissed Watkins' retaliation claim. While we recognize that the district court did not provide a separate section in its opinion explicitly analyzing the retaliation claim, its reasoning for rejecting

4

this claim can be readily ascertained from its analysis of Watkins' termination.[2] As the district court found, and the undisputed facts demonstrate, Watkins was terminated because of Infosys' company-wide reduction-in-force in 2013 and not for any other reason. Infosys announced this workforce reduction and began its implementation in June 2013, more than three months *before* Watkins filed her internal complaint. Watkins did not present evidence that she was in any way singled out for termination apart from the company-wide reduction-in-force. The district court, thus, did not err when it found that the reduction-in-force was the reason for Watkins' termination and not, by implication, a retaliatory motive.

3. The district court did not err when it denied Watkins' motion for sanctions. Watkins' challenges the district court's findings that Infosys' Rule 30(b)(6) designee did not fail to appear and that Watkins' own misconduct in the case, including at her deposition, made an award of sanctions inappropriate in this case. While a party may seek sanctions pursuant to Federal Rule of Civil Procedure 37(d) against an opposing party for failing to appear, a district court may reject a request for sanctions where "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). A circumstance in which a witness

---

[2] Even without a separate explicit analysis of the retaliation claim by the district court, we may, and do in this case, affirm "on any ground supported by the record, regardless of whether the district court relied upon, rejected, or even considered that ground." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citations omitted).

5

appears at a deposition but fails or refuses to answer questions likely does not constitute a "'failure to appear' for the purposes of Rule 37(d)." *Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995).  In any event, the district court properly found in this case that Infosys' 30(b)(6) designee did not fail to appear, as is required for sanctions pursuant to Rule 37(d), since the record demonstrates that the designee appeared for the deposition and answered questions on several topics. A review of the record also confirms that the district court did not commit error when it found that Watkins' own misconduct in the litigation, including spoliation of evidence, and her own refusal to answer and avoidance of questions at her deposition provided a separate basis for rejecting her motion for sanctions.

4. The issue of attorney's fees was not considered or ruled on by the district court, and we decline to consider it for the first time here.

**AFFIRMED.**