NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 3 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANDON MEEKS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>A. NUNEZ, Correctional Officer; T. SCOTT, Correctional Officer; J. WILBURN, Correctional Sergeant; M. ESTRADA, Registered Nurse; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>Defendants-Appellees. | No. 17-55364<br><br>D.C. No.<br>3:13-cv-00973-GPC-BGS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted August 31, 2021
Pasadena, California

Before: IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Appellant Brandon Meeks asks us to reverse the district court's imposition

of terminating sanctions and the dismissal of his 42 U.S.C. § 1983 action.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Exercising our jurisdiction under 28 U.S.C. § 1291, we hold that the district court acted within its discretion by imposing terminating sanctions. *See Conn. Gen. Life Ins. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). We therefore affirm.

1. Meeks argues that terminating sanctions were unavailable to the district court to impose. We disagree. Federal Rule of Civil Procedure 37 allows imposing terminating sanctions in two relevant situations: when a party "fails to obey an order to provide or permit discovery" or "fails . . . to appear for that person's deposition." Fed. R. Civ. P. 37(b)(2)(A), (d)(1)(A)(i), (d)(3).

Meeks attended his June 2016 deposition, making terminating sanctions unavailable under Federal Rule of Civil Procedure 37(d). But his refusal to participate in the June 2016 deposition violated prior court orders compelling his participation.[1] Though Meeks asserted the deposition was terminable due to harassment, his only true grounds were that the Defendants had not obtained leave from the court to depose him. *See* Fed. R. Civ. P. 30(a)(2)(B), (d)(3)(A). Because the magistrate judge had, in fact, given leave months earlier, this objection had already been overruled several times. Thus, the district court's finding that Meek's failure to participate constituted willful non-participation in violation of past court

---

[1] Because this case involves violating court orders and not merely refusing to answer deposition questions, *Estrada v. Rowland*, 69 F.3d 405 (9th Cir. 1995) (per curiam), is inapt.

orders was not clearly erroneous. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (factual findings of willfulness will not be disturbed unless clearly erroneous). Accordingly, terminating sanctions were available under Federal Rule of Civil Procedure 37(b).

2. Meeks argues that the district court abused its discretion by imposing terminating sanctions. We disagree. The district court's finding that Meeks's repeated violations of court orders were within his control, and thus his actions were willful, was not clearly erroneous. *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). The district court also carefully considered the five factors related to the imposition of case-dispositive sanctions: (1) the expeditious resolution of cases, (2) docket management, (3) prejudice to the moving party, (4) the preference of deciding cases on their merits, and (5) the availability of less drastic alternatives. *See Conn. Gen. Life Ins.*, 482 F.3d at 1096. Because Meeks repeatedly violated court orders, the first and second factors favored sanctions. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411–12 (9th Cir. 1990). Because Meeks's conduct impeded the Defendants' ability to gather information and mount a defense, the third factor favored sanctions. *See id.*; *see also Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). Because Meeks impeded his case's progress towards a disposition, the fourth factor favored sanctions. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir.

3

2006). And because the district court considered less drastic alternatives, tried to implement feasible alternatives, and repeatedly warned Meeks that further noncompliance could result in dismissal, the fifth factor was satisfied.[2] *See Adriana Int'l*, 913 F.2d at 1412–13.

The district court's imposition of terminating sanctions did not violate due process either as Meeks contends. So long as the sanctioned party's actions "threaten to interfere with the rightful decision of the case," the imposition of case-dispositive sanctions will not violate due process. *Wyle*, 709 F.2d at 591. Meeks's repeated refusal to follow the court's orders directly impeded the fact-gathering process undergirding the core controversy. Thus, terminating sanctions here did not violate due process.

3. Meeks makes a host of other arguments criticizing the Defendants' discovery practices and the magistrate judge's decision to modify its initial scheduling order. We do not consider these arguments on appeal as they were not raised below. *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th

---

[2] Meeks argues that the district court could have ruled on his motion to terminate as a less drastic alternative. But Meeks did not file a motion with the district court, so the court could not formally rule on his objections. Still, the district court, when dismissing the case, explained that Meeks's objections during the June 13 deposition had already been overruled. Thus, the district court, in effect, ruled on Meeks's objections.

4

Cir. 2014); *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).[3]

**AFFIRMED.**

---

[3] Defendants Estrada's and Wilborn's brief raises additional arguments which Meeks does not present in his briefing.  Because these issues are not presented in Meeks's briefing, they are not presented before us, and we need not address them. *See* Fed. R. App. P. 28(a); *Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1149 (9th Cir. 2016).

5